# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:07cr23

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>    Plaintiff, )<br>    )<br>    v. )<br>    )<br>    )<br>MICHAEL EDWARD LAMBERT, )<br>    Defendant, )<br>    )<br>and )<br>    )<br>EASTERN BAND OF CHEROKEE )<br>INDIANS, )<br>    Garnishee. )<br>_____ ) | **FINAL ORDER OF CONTINUING GARNISHMENT** |

**THIS MATTER** is before the Court on the Answer of the Garnishee [Doc. 29].

## PROCEDURAL HISTORY

On August 6, 2007, the Defendant was charged with assault with a dangerous weapon with intent to do bodily harm and assault resulting in serious bodily injury, in violation of 18 U.S.C. §§113(a)(3) & (a)(6) and 1153.

1

[Doc. 1]. The Defendant entered into a plea agreement with the Government and on April 3, 2008 was sentenced to 40 months imprisonment. [Doc. 15]. The Defendant was ordered to pay restitution to his victim in the amount of $6,678.80. [Id.]. In addition, he was ordered to pay a $100 assessment. [Id.].

In October 2009, the Government moved for a writ of garnishment as to the Eastern Band of Cherokee Indians (Band) in order to garnish tribal gaming proceeds which were payable to the Defendant. [Doc. 18]. On November 9, 2009, the Band was served by certified mail with all documents relevant to the application for a writ of garnishment. [Doc. 26]. The Band admits it was served on November 11, 2009. [Doc. 29, at 1].

On January 15, 2010, the Band filed an untimely Answer which contained a motion to quash the application for a writ. [Id., at 2]; see, 28 U.S.C. §3205(c)(2)(E). In the Answer, the Band argues that the Defendant's *per capita* distribution of gaming revenues received from the Band are immune from garnishment due to the sovereign nature of the Band. It also states that there is an existing order of child support which must be paid from the *per capita* distribution The Government has responded to the Answer but did not object to its timeliness.

**DISCUSSION**

Indian tribes have traditionally been considered sovereign nations which possess common law immunity from suit; however, that immunity may be abrogated by Congress. C & L Enterprises v. Citizens Band of Potawatomi Indian Tribe of Oklahoma, 532 U.S. 411, 121 S.Ct. 1589, 149 L.Ed.2d 623 (2001). When Congress enacted the Federal Debt Collection Procedure Act (FDCPA) in 1990, it defined a "garnishee" as any person who has custody of any property in which the debtor has a nonexempt interest; and, it defined "person" as including an Indian tribe. 28 U.S.C. §§3002(7) & (10). "Congress has the power to statutorily waive a tribe's sovereign immunity." Northern States Power Co. v. Prairie Island Mdewakanton Sioux Indian Community, 991 F.2d 458, 462 (8th Cir. 1993). The FDCPA uses unequivocal language to waive this immunity. C & L Enterprises, 532 U.S. at 418; United States v. Weddell, 12 F.Supp.2d 999, 1000 (D.S.D. 1998), *affirmed* 187 F.3d 645 (8th Cir. 1999), *certiorari denied sub nom* Yankton Sioux Tribe v. United States, 528 U.S. 928, 120 S.Ct. 322, 145 L.Ed.2d 251 (1999); United States v. Smith, 2008 WL 700320 (W.D.N.C. 2008). As a result, the Band must pay over to the federal government any property in which the Defendant has a nonexempt interest. Weddell, supra. That property includes a *per capita* distribution to

tribal members of gaming revenues. Id.; *accord*, In re Kedrowski, 284 B.R. 439 (Br.W.D.Wis. 2002).

However, the FDCPA also provides that a judicial order "for the support of a person shall have priority over a writ of garnishment issued under this section." 28 U.S.C. §3205(c)(8). The Government concedes this issue and the order for support of the Defendant's children has priority.

The Defendant attempted to file a document which may be construed as an objection to the garnishment. [Doc. 27]. The Defendant states that he is making payments towards restitution through the Bureau of Prisons from his prison earnings. Thus, he claims no further order should be entered. Any such payments have no impact on the procedures prescribed by the FDCPA which allow garnishment of the gaming revenues.

**ORDER**

**IT IS, THEREFORE, ORDERED** that any motion to quash the writ of garnishment contained within the Answer of the Garnishee [Doc. 29] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Order entered in The Cherokee Tribal Court on September 30, 2008 for the support of the Defendants' children has priority over the writ of garnishment issued by this Court until such time as the child support obligation has expired.

**IT IS FURTHER ORDERED** that subject to the Order entered in The Cherokee Tribal Court on September 30, 2008, a Final Order of Continuing Garnishment is hereby **ENTERED** in the amount of $6,653.60, computed through October 22, 2009, which attaches to each *per capita* distribution of gaming revenues on account of the Defendant.

**IT IS FURTHER ORDERED** that payments should be made to the United States Clerk of Court and mailed to the United States Clerk of Court, 401 West Trade Street, Charlotte, N.C. 28202. Each check shall be embossed "Court Number 2:07cr23, Defendant Michael Edward Lambert.

Signed: May 7, 2010

Martin Reidinger
United States District Judge